Argued June 10, appeal dismissed September 25, 1968

# STATE OF OREGON, *Appellant, v.*
# WALTER D. SIECKMANN,
## *Respondent.*
### 445 P. 2d 599

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for appellant.

With him on the briefs was George Van Hoomissen, District Attorney, Portland.

Robert L. Olson, Portland, filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## DENECKE, J.

The defendant was prosecuted under an indictment charging him with rape of his daughter. At the foot of the indictment the name of Roseanna Estelle Sieckmann is listed as a witness examined before the grand jury. She apparently was the wife of the defendant. Defendant moved to dismiss the indictment upon the ground that it was "obtained by adducing privileged testimony to the Grand Jury." No evidence in any form was submitted by either party. The trial court dismissed the indictment and granted leave to resubmit to the grand jury. The state appeals.

The defendant contends that the state has no right to appeal from the trial court's ruling. ORS 138.060 provides:

"The state may take an appeal to the Supreme Court from:

"(1) A judgment for the defendant on a demurrer to the indictment;

"(2) An order sustaining a plea of former conviction or acquittal; or

"(3) An order arresting the judgment."

ORS 138.020 provides:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.300, and not otherwise."

The trial court's order is not the kind of order referred to in subsections (2) or (3) above; therefore, if the order is appealable it must be construed as a judgment for the defendant on a demurrer to the indictment.

The grounds for a demurrer are set forth in ORS 135.630. Of the five grounds specified, only one—the facts stated do not constitute a crime—can possibly apply.

■ We conclude that the trial court's ruling cannot be construed as a ruling that the facts stated in the indictment did not state a crime. Rightly or wrongly, the trial court ruled that because the indictment listed the defendant's spouse as a witness who appeared but did not indicate that she had been informed of her privilege to not testify against defendant, the indictment was faulty. This cannot by any manner be transposed into a ruling that the facts stated in the indictment do not constitute a crime.

■ We agree with the state that the ruling of the trial court was erroneous and that an indictment is not faulty because it fails to state whether or not a witness was informed of her personal privilege not to testify before the grand jury. We do not, however, agree with the state that because this ruling is erroneous, no matter what form it takes, it is, therefore, appealable. The legislature strictly limited the state's right to appeal and the order in this case, even though erroneous, is not one of those orders specified by the legislature from which an appeal can be taken by the state.

Appeal dismissed.

McALLISTER, J., dissenting.

In my opinion the defendant's motion to dismiss the indictment because the name of his wife was en-

dorsed thereon as a witness can be construed as a demurrer on the ground that the indictment did not conform to the requirements of ORS 132.510 to 132.570, 132.590, 132.610 to 132.690, 132.710 and 132.720. The trial court could only have dismissed the indictment with leave to resubmit the matter to the grand jury on the theory that the indictment was deficient in form. In doing so the court erred.[1]

If we treat the order dismissing the indictment as an order sustaining a demurrer under ORS 135.630(2) on account of a defect in the form of the indictment, the state is entitled to appeal, and the judgment should be reversed.

---

[1] ORS 132.590.