Argued January 16, reveresed and remanded
March 5, 1979

STATE OF OREGON, *Appellant,*
*v.*
CAROLYN ANGELIN LEWIS, *Respondent.*
No. 77-31757, CA 12040)

591 P2d 414

Eileen G. Simpson, Assistant District Attorney, Eugene, argued the cause for appellant. With her on the brief was J. Pat Horton, District Attorney, Eugene.

Robert A. Miller, Eugene, filed the brief for respondent. With him on the brief were Lively and Wiswall, Eugene.

[151]

Before Schwab, Chief Judge, Thornton, Lee and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

The state appeals two orders entered prior to trial. By the first, the district court denied the state's request for an omnibus hearing. The court then dismissed the case when the state indicated it was not ready to proceed. The correctness of the second ruling depends upon the first. We hold the first to be erroneous, and reverse.

Defendant was charged with the traffic infraction of Driving Under the Influence of Intoxicants. The matter was called for trial on the 18th day of August, 1978, at which time the state was ready and able to proceed, having all necessary witnesses and exhibits present in court. Prior to the selection of a jury, the state indicated to the court in chambers its desire to have an omnibus hearing on the matter of the voluntariness of the defendant's statements to a police officer and also on the admissibility of a breath test result. The court indicated it was not favorably inclined towards such a motion, and proceedings were taken up on the record, at which point the state formally moved for a hearing to be held prior to the selection of a jury.

The court heard argument from both counsel. Defendant indicated that she had no objection to a pretrial hearing on the admissibility of the breath test result; however, she did object to an omnibus hearing upon the grounds that ORS 135.037—the statute authorizing omnibus hearings—was specifically limited to circuit court. In regard to the statements, defendant indicated that in addition to the issue of voluntariness there was a question as to whether the defendant had been advised that her conversation with the police officer was being tape recorded. Defendant, while not conceding either the issue of voluntariness of the statements in general or the admissibility of the tape recording in particular, contended that both matters were simply foundational and could be efficiently handled during trial.

[153]

The court indicated its opinion that the questions of admissibility of the statements and the breath test could be handled during trial through an *in camera* hearing, denied the state's motion for an omnibus hearing, and inquired whether the state was ready to proceed to trial.

The state responded that it was not prepared to litigate the voluntariness question during trial since to do so would waive its right to appeal in the event of an adverse ruling and for that reason, it was not prepared to proceed to trial on the case. The state moved to postpone in order to obtain review of the court's ruling, and the defendant moved to dismiss. The court noted that the case had been previously postponed, once on the court's own motion and once by stipulation, and ordered that the case be dismissed.

As the facts set out above show, the trial court was advised by both parties that there would be a question raised at trial as to the admissibility of statements made by defendant to the police both before and after her arrest. One issue, among others, would be voluntariness. ORS 135.037 provides, in pertinent part,

"(1) At any time after the filing of the accusatory instrument in circuit court[1] and before commencement of trial thereon, *the court upon motion of any party shall,* and upon its own motion may, order an omnibus hearing.

"(2) The purpose of an omnibus hearing shall be *to rule on all pretrial motions and requests, including* but not limited to the following issues:

"* * * *

"(c) *Challenges to voluntariness of admissions or confession * * * *"* (Emphasis added.)

The language of the statute is mandatory; there is no question that the motion was made; there is no question as to voluntariness being a part of the subject matter. The court erred in failing to follow the plain

---

[1] The state argues, and defendant acknowledges, that ORS 135.037 applies with equal force to criminal proceedings in district court. *See* ORS 46.800.

language of the statute. The error prejudiced the state in that it left to the trial the decision on a crucial question, from which decision the state could not appeal. The state's refusal to proceed was proper, and the court's dismissal in the face of that refusal was an abuse of discretion. *State v. Hoare*, 20 Or App 439, 532 P2d 240 (1975).

Reversed and remanded for trial.[2]

[2] The state has raised other questions concerning what the subject matter of the omnibus hearing should be. We do not reach these questions because we are confident the trial court will, upon remand, simply afford the parties the full omnibus hearing contemplated by ORS 135.037.