Submitted on petition for review July 24,
petition for review allowed, reversed with instructions October 2,
petition for rehearing denied October 30, 1979

STATE OF OREGON,
*Respondent,*
*v.*
RONALD NORMAN LANGLOIS,
*Petitioner.*

(78-4-262, 78-4-263)
(CA 11427, CA 11848, SC 26355)

600 P2d 872

Emil R. Berg, Oregon City, for the petitioner.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for the respondent.

MEMORANDUM OPINION.

## MEMORANDUM OPINION.

Defense counsel moved for discovery asking for the handwritten notes of the police officers. The state moved for a protective order exempting the notes from disclosure. The trial court denied the motion for a protective order. The state then informed the trial court that it was not going to turn over the notes to the defense and the trial court could either suppress the testimony of the officer making the notes or dismiss the case. The state suggested it would be "proper" and "appropriate" to suppress so that it could appeal. The trial court entered an order suppressing the officer's testimony. The state appealed and the Court of Appeals reversed. *State v. Langlois,* 40 Or App 629, 595 P2d 1388 (1979). The defendant petitioned for review and we reverse, instructing the Court of Appeals to dismiss the appeal for lack of jurisdiction.

The problem is caused by ORS 138.060 which limits the orders from which the state can appeal. The state can appeal from an order suppressing evidence, but it has no right of appeal from an order allowing discovery against it. Under facts which we regard as legallly identical to those in the present case we held in *State v. Koennecke,* 274 Or 169, 173-174, 545 P2d 127 (1976), that the state was not entitled to appeal. We adhere to the principle of that decision.

Reversed with instructions.