Argued and submitted August 30, reversed and remanded for
trial November 26, 1979, reconsideration denied January 4,
petition for review allowed February 12, 1980

## STATE OF OREGON,
*Appellant,*

*v.*

## NICHOLAS EDWARD CARUSO,
*Respondent.*

(No. 78-26700, CA 14143)

602 P2d 1135

Frank R. Papagni, Jr., Assistant District Attorney,
Eugene, argued the case for appellant. With him on
the brief was J. Pat Horton, District Attorney, Eugene.

Dan Neal, Eugene, argued the cause and filed the
brief for respondent.

Before Buttler, Presiding Judge, Gillette and
Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is a state's appeal from the pretrial dismissal of a citation charging the defendant with the Class A traffic infraction of Driving Under the Influence of Intoxicants. The state, prior to trial, requested a pretrial omnibus hearing to determine the admissibility of the breath test which was to be the centerpiece of the state's case. The trial judge, after a hearing on the state's motion, refused to hold an omnibus hearing. After it had ruled, the state indicated that it was not prepared to proceed without an omnibus hearing. Accordingly, the trial judge dismissed the charging instrument. The state appeals. We reverse.

Pretrial omnibus hearings are authorized in ORS 135.037, which provides,

"(1)   At any time after the filing of the accusatory instrument in circuit court and before the commencement of trial thereon, the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing.

"(2)   The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a)   Suppression of evidence;

"(b)   Challenges to identification procedures used by the prosecution;

"(c)   Challenges to voluntariness of admissions or confession;

"(d)   Challenges to the accusatory instrument.

"(3)   The court, at the time of the omnibus hearing, may also consider any matters which will facilitate trial by avoiding unnecessary proof or by simplifying the issues to be tried, or which are otherwise appropriate under the circumstances to facilitate disposition of the proceeding.

"(4)   At the conclusion of the hearing and prior to trial the court shall prepare and file an order setting forth all rulings of the court on issues raised under subsection (2) of this section. The court shall further prepare and file a memorandum of other matters agreed upon at the hearing. Except in a prosecution

[407]

of the defendant for perjury or false swearing, or impeachment of the defendant, no admissions made by the defendant or his attorney at the hearing shall be used against the defendant unless the admissions are reduced to writing and signed by the defendant and his attorney.

"(5) This section shall not be applied in any proceeding or at any stage of any proceeding where the defendant is not represented by counsel."

ORS 135.037 is made applicable to district courts by ORS 46.800.[1] *State v. Lewis*, 39 Or App 151, 591 P2d 414 (1979).

The district court judge was apparently of the opinion that the admissibility of a breath test was not a proper subject for an omnibus hearing. This was a question we reserved in *State v. Lewis*, noting,

"The state has raised other questions concerning what the subject matter of the omnibus hearing should be. We do not reach these questions because we are confident the trial court will, upon remand, simply afford the parties the full omnibus hearing contemplated by ORS 135.037." *Id*, 39 Or App at 155, n. 2.[2]

The trial court's obligation to hold an omnibus hearing upon the request of a party is absolute. ORS 135.037 (1) is couched in terms of "shall," not "may."

---

[1] ORS 46.800 provides, in pertinent part:

"(1) District courts are governed in their criminal and quasi-criminal actions and proceedings by the provisions of law regulating such actions and proceedings as provided in ORS chapters 131, 133, 135, 136 and 137, in so far as the same are or can be made applicable in the several cases arising before them, except when other provisions of law provide for a different procedure in district courts for such cases and proceedings, in which event such other provisions shall control; provided, however, that all money required by law to be paid or deposited with a district court shall be paid to or deposited with the clerk of that court."

[2] While not wishing to suggest that our confidence was misplaced, we note that this appeal involves the same prosecutor's office and district court (although not the same judge) as those in *Lewis*.

[408]

The subjects upon which the court must rule are set out in ORS 135.037 (2):

"(2) The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a) Suppression of evidence;

"(b) Challenges to identification procedures used by the prosecution;

"(c) Challenges to voluntariness of admissions or confession[s];

"(d) Challenges to the accustory instrument."

In this case, the state sought to test the admissibility of the breathalyzer result. While there had been no motion to suppress the result, it was clear that its admissibility would be challenged at the trial. Suppression is the common way of dealing with illegally obtained breathalyzer results. *See, e.g., State v. Lewis, supra; State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975). We conclude that the admissibility of the breathalyzer test was an "issue" under ORS 135.037 (2) and was a proper subject for consideration at the omnibus hearing. The trial court should have held such a hearing to consider it.[3]

Our conclusion that the trial court must hold the hearing and consider the state's request should not be interpreted as suggesting what kind of ruling the court must make on the merits. We only hold that the hearing must be held. *Accord, State v. Cheshier,* 41 Or App 141, 597 P2d 839 (1979).

As we stated earlier, this case actually comes to us on appeal from the trial court's order of dismissal. As we said in *Lewis,*

---

[3] We also note that where, as here, an adverse decision on the admissibility of the test might eliminate the need for a trial, it is difficult to understand why the trial court would not wish to hold the hearing. ORS 135.037 (3) provides that

"* * *[t]he court, at the time of the omnibus hearing, *may also consider any matters which will facilitate trial* * * * or which are otherwise appropriate under the circumstances to facilitate disposition of the proceeding." [Emphasis added.]

[409]

" * * * The court erred in failing to follow the plain language of the statute. The error prejudiced the state in that it left to the trial the decision on a crucial question, from which decision the state could not appeal. The state's refusal to proceed was proper, and the court's dismissal in the fact of that refusal was an abuse of discretion." 39 Or App at 155.

Reversed and remanded for trial.[4]

---

[4] Although we are not certain as to its meaning, we do not understand *State v. Langlois*, 287 Or 503, 600 P2d 872 (1979) to be *contra* to our holding here. That case appears to speak to invited dismissal, which this case clearly was not. *Cf. State v. Koennecke*, 274 Or 169, 545 P2d 127 (1976).