Argued and submitted May 5, reversed June 24, 1980

## STATE OF OREGON,
*Respondent,*
*v.*
## NICHOLAS EDWARD CARUSO,
*Petitioner.*

(TC 78-26700, CA 14143, SC 26704)

613 P2d 752

Dan E. Neal, Eugene, argued the cause and filed the petition and briefs for petitioner.

Frank R. Pagagni, Jr., Assistant District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney, Eugene.

James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Thomas H. Denney, Assist-

ant Attorney General, Salem, filed a brief amicus curiae.

Gary D. Babcock, Public Defender, and Thomas J. Crabtree, Deputy Public Defender, Salem, filed a brief amicus curiae.

TANZER, J.

**TANZER, J.**

We accepted review of this criminal case in order to consider the extent to which ORS 135.037 requires pretrial omnibus hearings.[1] Instead, after supplemental briefing, we conclude that ORS 138.060, which regulates the scope of state's appeals in criminal cases, is dispositive.

■    Defendant was charged with driving under the influence of intoxicants in violation of ORS 487.540. The prosecutor moved for a pretrial hearing to determine the admissibility of a breath test result. The trial court refused to hear the matter prior to trial and called the case for trial. The prosecutor represented that the state could not proceed to trial without a pretrial determination of the admissibility of its essential evidence, the breath test result. The trial court, on its own motion, dismissed the case. The state appealed, contending that the duty of the trial court to

---

[1] ORS 135.037 provides:

"(1)   At any time after the filing of the accusatory instrument in circuit court and before the commencement of trial thereon, the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing.

"(2)   The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a)   Suppression of evidence;

"(b)   Challenges to identification procedures used by the prosecution;

"(c)   Challenges to voluntariness of admissions or confession;

"(d)   Challenges to the accusatory instrument.

"(3)   The court, at the time of the omnibus hearing, may also consider any matters which will facilitate trial by avoiding unnecessary proof or by simplifying the issues to be tried, or which are otherwise appropriate under the circumstances to facilitate disposition of the proceeding.

"(4)   At the conclusion of the hearing and prior to trial the court shall prepare and file an order setting forth all rulings of the court on issues raised under subsection (2) of this section. The court shall further prepare and file a memorandum of other matters agreed upon at the hearing. * * *"

provide a pretrial hearing is mandatory under ORS 135.037.[2] The Court of Appeals reversed and remanded on the merits. We allowed defendant's petition for review.

■      The state's right to appeal is regulated by ORS 138.060, which provides:

> "The state may take an appeal from the circuit court or the district court to the Court of Appeals from:
>
> "(1)   An order made prior to trial dismissing or setting aside the accusatory instrument;
>
> "(2)   An order arresting the judgment;
>
> "(3)   An order made prior to trial suppressing evidence; or
>
> "(4)   An order made prior to trial for the return or restoration of things seized."

The order of dismissal appealed from in this case comes within the definition of subsection (1). In this respect, at least, the appeal is properly taken and we have jurisdiction of the case.

The trial court's general authority to dismiss a charge, as it relates to this case, is provided for by ORS 135.755:

> "The court may, either of [*sic*] its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."[3]

The reason for the dismissal set forth in the order is the readiness of defendant for trial and the representation of the prosecutor that, without a pretrial omnibus hearing, the state was not prepared to go to trial. Although the state and the order speak of

---

[2] Mandamus is not available if the state has a right to a direct appeal. ORS 34.110; *State ex rel Automotive Emporium v. Murchison,* 289 Or 265, 611 P2d 1169 (1980).

[3] This statute applies to district court proceedings. ORS 46.800(1).

unpreparedness for trial, there is no suggestion that the state could have become prepared by taking action such as finding a witness or waiting out a conflicting trial. *Cf. State v. Sharp,* 28 Or App 429, 559 P2d 930 (1977). Rather, the prosecutor's action was implicitly a refusal to go to trial and an invitation for a dismissal. In that situation, the court had little choice but to dismiss the case "in the furtherance of justice" and the dismissal was proper.

The intention of the state in inviting dismissal was not simple obstinacy; it was to obtain appellate review of the preceding ruling denying a pretrial evidentiary ruling through an appeal from the order of dismissal. Although the state may appeal pursuant to ORS 138.060(1) from a pretrial order of dismissal, the dispositive question of this case is whether the scope of such an appeal includes orders which precede the order of dismissal appealed from. We hold that it does not.

The right of the prosecution to appeal is subject to limitations and considerations which do not apply to any other litigant, the foremost of which arise from the defendant's protection against double jeopardy. In other appeal and review contexts, as a general rule, an aggrieved litigant may appeal from any final order. *See, e.g.,* ORS 19.010, 419.561, 183.480(1). By contrast, ORS 138.060(1) and (2) list the specific final orders from which the state may appeal: pretrial dismissal and arrest of judgment.

A similar difference exists regarding scope of appeals. Other appellants, when appealing from an appealable order, may also obtain appellate review of all preceding or "intermediate" orders which inhere in the order appealed from. The general pattern of civil and criminal appeals, subject to exception, is that a litigant who is dissatisfied with a nonfinal order has no interlocutory appeal. Rather, he proceeds with the litigation until there is a final order and, if aggrieved by it, he appeals the final order and assigns as error the preceding rulings of which he complains.

With particular regard to criminal procedure, ORS 138.040, which regulates the scope of appeal by a defendant after trial, provides an instructive comparison to the provision for state's appeals. It provides:

> "* * * Upon an appeal * * * any decision of the court in an intermediate order or proceeding may be reviewed. * * *"[4]

By contrast, ORS 138.060 contains no general reference to intermediate orders or proceedings. Because the state cannot appeal from an adverse judgment after jeopardy has attached, there is special provision for pretrial interlocutory appeals by the state. It is not a general provision. Rather, it applies only to those pretrial orders which the legislature deemed sufficiently significant to warrant the delay, expense, interruption and continuing restraint which result from such an exceptional procedure. Subsections (3) and (4) list the nonfinal orders from which an interlocutory appeal is allowed, *i.e.,* pretrial orders for suppression and return. There is no suggestion implicit in ORS 138.060 that the legislature intended that the state could use an appeal from a proper dismissal as a conduit for appellate review of the correctness of other preceding orders. *Cf. State v. Langlois,* 287 Or 503, 600 P2d 872 (1979), *State v. Koennecke,* 274 Or 169, 174-75, 545 P2d 127 (1976).

Were we to assume for argument that the words of ORS 138.060(1) are capable of a broader interpretation, the legislative history does not support such a reading. ORS 138.060(1) formerly allowed the state to appeal only from a judgment for defendant

---

[4] This corresponds, for example, to ORS 19.140, which regulates the scope of appeal in civil cases. It provides:

> "Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from; and when it reverses or modifies such judgment or decree, may direct complete restitution of all property and rights lost thereby."

Also, *cf.* ORS 183.482(7), which similarly defines the broad scope of administrative review.

upon demurrer. In 1971, the legislature expanded the subsection to include pretrial dismissals generally. 1971 Or Laws, ch 644, § 1. The proponent of the amendment, speaking on behalf of the Department of Justice, explained that its purpose was to allow the state to appeal dismissals of indictments on grounds other than grounds for demurrer, particularly constitutional grounds, whether raised by demurrer or motion. As an example, he referred to the "outrageous" result in *State v. Sieckmann,* 251 Or 259, 445 P2d 599 (1968), in which an indictment was erroneously dismissed because it failed to list a grand jury witness, but the Supreme Court held that the state's appeal of that erroneous ruling was foreclosed by the exclusive statutory reference to judgments on demurrers. There is no mention that there was a larger purpose intended for the amendment *i.e.,* to allow a prosecutor to invite a dismissal as a vehicle for the appeal of each and every pretrial ruling which he finds unsatisfactory. *See* Testimony of Solicitor General Tanzer, Minutes, Senate Criminal Law and Procedure Committee, April 14, 1971. There may be a remedy for such wrongs, *see, e.g.,* ORS 34.010, 34.110, but it is not direct appeal.

Nor is any support for the state's contention to be found in ORS 135.037, set out above at note 1. A purpose of that statute is to preserve the state's right of appeal of those rulings which are appealable under ORS 138.060. It was not intended to expand the scope of the state's right of appeal.[5]

---

[5] ORS 135.037 was enacted by the 1973 Legislative Session. The proponent, speaking to the Senate Committee on Judiciary on behalf of the Oregon District Attorneys' Association, explained:

"They [the ODAA] believe that in Oregon there are numerous items that must be settled prior to trial. Some of these items are appealable by the state. In order to have the state exercise its right to appeal, these items must be determined prior to trial. To avoid having the possibility of having three or four issues raised consecutively, they think it would be an advantage to both the defense and the state and it would ultimately speed up the process if they could all be combined into one hearing." Minutes, Senate Committee on Judiciary, p 6, June 1, 1973.

The Court of Appeals reached the opposite resolution of this issue in *State v. Lewis,* 39 Or App 151, 591 P2d 414 (1979). It reasoned that a denial of a state's motion for a pretrial ruling on the admissibility of defendant's statements and breath test results was erroneous under ORS 135.037, an issue we do not reach here. It further reasoned that the state was prejudiced in that it would have to forego its right under ORS 138.060(3) to appeal the suppression order if it went to trial without a pretrial ruling and that the state's refusal to proceed was therefore "proper." It concluded that "the court's dismissal in the face of that refusal was an abuse of discretion." 39 Or Ap at 155. Discretion, however, lies in the choice of permissible alternative actions. A trial court faced with a plaintiff which refuses to proceed because the plaintiff is dissatisfied with an earlier court ruling has scant alternative to dismissal. The holding in *Lewis* regarding scope of appeal is disapproved. *See also State v. Riggs,* 35 Or App 571, 582 P2d 457 (1978). The preceding order may have been error, but the dismissal was not.[6]

Because the dismissal was not erroneous and because the denial of the order for a pretrial hearing could not be properly assigned as error, the judgment of the trial court should have been affirmed.

Reversed.

**TONGUE, J.,** Dissenting.

I respectfully dissent from the opinion by the majority because of my belief that this case was correctly decided by the Court of Appeals and that *State v. Lewis,* 39 Or App 151, 591 P2d 414 (1979), as cited by the Court of Appeals in support of its opinion in this case, was also correctly decided and should not have been "disapproved" by the majority.

---

[6] This is to be distinguished from cases where appealable orders are followed by dismissal. *See State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975); *see also State v. Knudsen,* 41 Or App 123, 597 P2d 834 (1979). This case presents no such issue in that the ruling complained of was not itself appealable under ORS 138.060.