# STATE OF OREGON,
*Appellant,*

*v.*

# JOSE SANDOVAL MARTINEZ,
*Respondent.*

## (10-87-09640; CA A47294)

776 P2d 3

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Mary M. Reese, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

GRABER, P. J.

---

* Edmonds, J., *vice* Warden, J., retired.

## GRABER, P. J.

The state appeals from a pretrial order of dismissal. ORS 138.060(1). Relying on information from a confidential informant, the police arrested defendant for possession of heroin. ORS 475.992(4). He sought discovery of the informant's identity on the ground that "the informant's testimony is relevant to guilt or innocence." After hearing arguments of counsel and taking testimony *in camera* from the arresting officer, the court found that there was "a reasonable probability that the informant can give testimony necessary to a fair determination of the guilt or innocence of the Defendant," but the state elected not to disclose the informant's identity. The court dismissed the charge on its own motion. OEC 510(4)(b).[1]

The state argues that the court erred in deciding that the criteria for disclosure were met and, therefore, in dismissing the charges. Defendant counters that we lack the authority to review the merits of the disclosure issue and that, in any event, the dismissal was proper. We agree with the state about the scope of our review and affirm on the merits.

**1.** In *State v. Caruso*, 289 Or 315, 613 P2d 752 (1980), the state sought a pretrial hearing to determine the admissibility of a breath test result. When the trial court

---

[1] OEC 510(4)(b) provides:

"(4) No privilege exists under this section:

"* * * * *

"(b) If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case or of a material issue on the merits in a civil case to which the unit of government is a party, and the unit of government invokes the privilege, and the judge gives the unit of government an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the unit of government elects not to disclose the identity of the informer, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on the judge's own motion. In civil cases, the judge may make any order that justice requires. Evidence submitted to the judge shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the unit of government. All counsel and parties shall be permitted to be present at every stage of proceedings under this paragraph except a showing in camera, at which no counsel or party shall be permitted to be present."

refused to hear the matter before trial, the state represented that it was not prepared to proceed to trial. The trial court, on its own motion, dismissed the case. The Supreme Court held that it had jurisdiction to review the order of dismissal, ORS 138.060(1), and that the dismissal was proper under ORS 135.755. It declined to reach the merits of the order that had denied the state's motion for a pretrial hearing, reasoning:

"The intention of the state in inviting dismissal was not simple obstinacy; it was to obtain appellate review of the preceding ruling denying a pretrial evidentiary ruling through an appeal from the order of dismissal. Although the state may appeal pursuant to ORS 138.060(1) from a pretrial order of dismissal, the dispositive question of this case is whether the scope of such appeal includes orders which precede the order of dismissal appealed from. We hold that it does not.

"The right of the prosecution to appeal is subject to limitations and considerations which do not apply to any other litigant, the foremost of which arise from the defendant's protection against double jeopardy. In other appeal and review contexts, as a general rule, an aggrieved litigant may appeal from any final order. *See, e.g.,* ORS 19.010, 419.561, 183.480(1). By contrast, ORS 138.060(1) and (2) list the specific final orders from which the state may appeal: pretrial dismissal and arrest of judgment." 289 Or at 319.

The dispositive question here is whether the order of dismissal *encompasses* the merits of the trial court's disclosure decision or whether that decision was a separate, nonappealable "[order] which precede[d] the order of dismissal appealed from." We hold that the only "order" under OEC 510(4)(b) is the order of dismissal and that, when the state appeals from it under ORS 138.060(1), we can review the merits of the trial court's decision about the proper application of the disclosure standard.

OEC 510(2) provides that the state "has a privilege to refuse to disclose the identity of" an informant. OEC 510(4) defines situations in which "[n]o privilege exists." Under OEC 510(4)(b), the trial court is directed to make a *factual determination.* "If the judge *finds* that there is a reasonable probability that the informer can give" testimony that is "necessary to a fair determination of the issue of guilt or innocence in a criminal case," then the state may *"elect"* whether to disclose the informant's identity. (Emphasis supplied.) Although the

rule provides the mandatory consequence of dismissal if the state elects not to produce the name of the informant, in substance the rule contemplates that the trial court's threshhold decision is not, as defendant would have it, an "order requiring the state to disclose information to the defendant."[2]

*State v. Caruso, supra,* directs us to examine the legislature's intent in construing the relevant statutes. 289 Or at 318 through 321. The intent of OEC 510(4)(b) is to require an "order of dismissal" when specified facts exist. Therefore, if our review of the order is to have any meaning, it must encompass a review of the predicate facts. The rule makes disclosure and dismissal a "unitary whole," as the state asserts. We turn, then, to the merits.

The state argues that the trial court should not have heard any evidence from the arresting officer. It contends that defendant first had to show, but did not, that the informer is a 'necessary' witness to establish a fact 'helpful to the defendant' on the issue of guilt or innocence before the court could take evidence. In support of that proposition, the state cites *State v. Cortman,* 251 Or 566, 446 P2d 681 (1968), and *State v. Jessie,* 17 Or App 368, 521 P2d 1323, *rev den* (1974). However, even assuming that those cases support the proposition, they do not control, because they predate the enactment of OEC 510(4)(b), which erects a lower hurdle than the one that the state suggests. Once the state invokes its privilege, the rule provides a procedure for determining *whether* the informant can supply testimony that requires disclosure of identity, thus avoiding a "judicial guessing game." Commentary to OEC 510(4)(b), reprinted in *Oregon Rules of Court* 215 (1989). The procedure contemplates *either* a "showing by a party" *or* an "appear[ance] from the evidence" that "an informer *may* be able to give testimony necessary to a *fair determination of the*

---

[2] Perhaps because of the wording of defendant's motion, the trial court seemed uncertain about whether it was entering one order or two and about whether the state had "disobeyed a requirement" or was entitled to choose what action to take. In a single "Order Granting Defendant's Motion to Produce Informant's Identity and Dismissing Case," the court made findings and then wrote:

"NOW, THEREFORE, IT IS HEREBY ORDERED that the State produce the identity of the informant.

"The Court being advised that the State elects not to disclose the identity of the informant:

"IT IS FURTHER ORDERED that this case be and it hereby is dismissed."

*issue* of guilt or innocence." OEC 510(4)(b). (Emphasis supplied.) In that event, "the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit." OEC 510(4)(b). Here, the trial court discussed the contents of a police report and then expressly found that "[t]here [was] certainly some showing that [the informant's testimony] may be relevant," before hearing *in camera* the testimony of an officer who worked closely with the informant. We find no error in the court's decision to take that testimony.

2. Finally, we consider the merits of the trial court's decision that disclosure of the informant's identity was required under OEC 510(4)(b). We review for abuse of discretion. *See United States v. Whitney,* 633 F2d 902, 911 (9th Cir 1980); *see also State v. Ritter,* 71 Or App 282, 288, 692 P2d 158 (1984); *State v. Waterbury,* 50 Or App 115, 118, 622 P2d 330, *rev den* 290 Or 651 (1981).

Defendant was charged with possession of heroin. The police stopped a car in which he was a passenger. They had probable cause to believe that the car contained heroin, based largely on information received from the informant. During a search of the car, they discovered a large package of heroin under the driver's seat and a smaller package between the front passenger seat, where defendant was sitting, and the console. The state indicted defendant for possession of both packages of heroin, relying on alternative theories of actual or constructive possession.

After the *in camera* hearing, the trial court made these findings:

"My information from the testimony of the officer is that the [informant] could speak to the issue of whether or not the defendant possessed the larger packet of heroin; could not speak to the issue of whether or not the defendant possessed the smaller packet; he could speak to the issue of whether or not the defendant knew that there was heroin in the car; he couldn't speak to the issue of whether or not the defendant was involved in the distribution of the heroin."

On the basis on those findings, the court concluded that disclosure of the informant's identity was required. We have reviewed the record of the *in camera* proceeding, and it supports the trial court's characterization of the testimony.

Because a reasonable probability existed that the informant could give testimony necessary to a fair determination of the issue of defendant's guilt or innocence under some of the state's theories, the trial court properly dismissed the charges after the state's election not to disclose the informant's identity.

Affirmed.