Argued and submitted January 8, judgment of dismissal vacated; remanded for further proceedings October 6, 1993, reconsideration denied January 19, petition for review pending 1994

**STATE OF OREGON,**
*Appellant,*

*v.*

**TERRY LEE VATLAND,**
*Respondent.*

**(91CR2846FE; CA A75290)**

860 P2d 820

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jay W. Frank, Eugene, argued the cause for respondent. With him on the brief was Moule & Frank, Lawyers, Eugene.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state appeals a pre-trial judgment dismissing an indictment that charged defendant with manufacture of a controlled substance, ORS 475.992(1), and criminal conspiracy, ORS 161.450. We vacate the judgment and remand.

Defendant filed a motion seeking, *inter alia,* an order under OEC 510 requiring the state to disclose the identity of three unnamed informants referred to in the affidavit for a search warrant. The affidavit had been prepared by an agent of the FBI. OEC 510 provides, in material part:

"(2)   A unit of government has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer * * *.

"* * * * *

"(4)   No privilege exists under this section:

"* * * * *

"(b)   If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case * * * and the unit of government invokes the privilege, and the judge gives the unit of government an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the unit of government elects not to disclose identity of the informer, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on the judge's own motion."

At the omnibus hearing, the state informed the court that it did not intend to call the informants as witnesses at trial. The state argued that, before their identities were required to be disclosed, defendant had to show that evidence provided by the informants would assist the defense. Relying on *State v. Martinez*, 97 Or App 170, 776 P2d 3 (1989),

defendant argued that the evidence only had to be shown to be relevant.

The trial court entered an order finding that the affidavit for the search warrant revealed that two of the unnamed informants had information that would be "relevant to the issues of knowledge and participation in the charged offenses." It ordered the state to disclose the identity of those informants. At the time set for trial, the court stated:

> "I have reviewed Oregon Evidence Code 510 and I would at this time, if [the prosecutor] wishes to have any kind of *in camera* hearing, I would employ that opportunity or I'd be willing to provide it at another date, if he wishes to have that opportunity. So let me first inquire of [the prosecutor] whether or not he wishes to have any kind of *in camera* hearing concerning [the informants]."

The prosecutor informed the court that, pursuant to FBI policy, the identity of the informants would not be disclosed. The court then granted defendant's motion to dismiss.

The state argues that the court erred in applying a "relevancy" standard. It contends that, as used in OEC 510, "testimony necessary to a fair determination of guilt or innocence" refers only to testimony that might tend to exonerate the accused. Defendant's position is that the court did not abuse its discretion in granting the motion to dismiss. He argues that the dismissal was granted after the court found that there was a reasonable probability that the informants had relevant testimony and the state elected not to proceed with the *in camera* procedure of OEC 510.

In making its decision, the trial court apparently relied on *State v. Martinez, supra,* which involved a state's appeal from an order requiring it to disclose an informant's identity. We approved the trial court's procedure to take *in camera* testimony after it expressly found that the informant's testimony might be relevant to a fair determination of the issue of guilt or innocence. However, the meaning of "necessary to a fair determination" was not expressly before us, and we disavow any suggestion from *Martinez* that the state can be ordered to disclose an informant's identity only on the basis of a showing that the informant might have "relevant" testimony.

After the court's order here, we decided *State v. Wood*, 114 Or App 601, 836 P2d 176, *rev den* 314 Or 574 (1992). In *Wood*, we discussed the legislative history of, and commentary to, OEC 510 and concluded that, under subsection (4)(b), "the informer's privilege may be overcome only if the informant can provide evidence useful to the defense." 114 Or App at 607.

The state's decision not to disclose the identity of the informants or risk their inadvertent disclosure by participating in an *in camera* hearing was procedurally correct. The trial court's order requiring the state to disclose the identity of the informants was based on an incorrect legal standard. On remand, the trial court should order disclosure of the identity of the informants only if it determines that they can produce evidence "useful to the defense." *State v. Wood, supra*, 114 Or App at 607.

Judgment of dismissal vacated; remanded for further proceedings.