Susan M. EGUSA
and Richard T. Egusa,
husband and wife

*v.*

DEPARTMENT OF REVENUE

(TC 3430)

Plaintiffs appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 20, 1994.

**CARL N. BYERS, Judge.**

Plaintiffs appeal the denial of an income tax refund for 1987. Plaintiffs claim they filed a 1987 income tax return showing a refund due of $1,217.11, which they have not received. Defendant claims it did not receive a 1987 income

tax return until August 26, 1991, which was after the three-year period for issuing refunds expired.

Plaintiffs have been Oregon taxpayers since 1972. Mr. Egusa testified that he personally prepares their returns and usually prepares the federal and state returns at the same time. He normally mails the returns at the same time by first-class mail. He indicated that the 1987 returns were mailed on or about April 15, 1988.

Defendant's published instructions direct returns to particular post office boxes, thereby accomplishing a rough presorting. Refund returns are picked up and processed daily from a particular post office box. One of defendant's witnesses supervises the processing center, which opens mail, enters returns into defendant's computer system and processes the returns. The system and methods used ensure a high degree of accuracy. For example, mail envelopes are candled to make sure no documents are left in an envelope. Returns are hand checked and purged before archiving. As a result, only 10 to 15 errors occur in 1.5 million returns.

Defendant has no record of receiving plaintiffs' 1987 return in 1988. In the summer of 1991 defendant's agent contacted plaintiffs and explained that no returns had been received for 1987 through 1989. Plaintiffs responded that they had filed returns and would send duplicates for all three years. Those copies were received by defendant on August 26, 1991. Defendant determined the returns were filed for the first time. It denied plaintiffs a refund for 1987 because that year was beyond the three-year refund period. *See* ORS 314.415(1)(b). Plaintiffs appeal from that determination.

■ To prevail, plaintiffs must (1) establish defendant received their 1987 return before the three-year period for issuing a refund expired, or (2) prove to *defendant's* satisfaction the return was lost in the mail.

Plaintiffs cannot establish defendant received their return. They have no receipt or evidence that defendant received the return. Defendant's procedures make it extremely unlikely that the return was lost by defendant.

Plaintiffs introduced evidence to show they filed their 1987 federal return timely. Their federal income tax

return was dated April 15, 1988. It was received by the Internal Revenue Service on or before that date and was processed by the service on May 30, 1988. Since plaintiffs' Oregon return was also dated April 15, 1988, plaintiffs claim they would have mailed it at the same time. However, even if the return were mailed at the same time, it does not prove the return was received by defendant.

The law recognizes that mail may be lost. ORS 305.820 (1987 Replacement Part) provides in part:

"(1)  Any writing or remittance required by law to be filed with or made to the Department of Revenue, * * * which is:

"(a)  Transmitted through the United States mail, shall be deemed filed or received on the date shown by the post-office cancellation mark stamped upon the envelope containing it, or on the date it was mailed if proof satisfactory to the addressee establishes that the actual mailing occurred on an earlier date.

"(b)  Lost in transmission through the United States mail, shall be deemed filed and received on the date it was mailed if the sender:

"(A)  Can establish by competent evidence *satisfactory to the addressee* that the writing or remittance was deposited on or before the date due for filing in the United States mail and addressed correctly to the addressee; and

"(B)  Files with the addressee a duplicate of the lost writing or remittance within 30 days after written notification is given by the addressee of its failure to receive such writing or remittance." (Emphasis added.)

Defendant found plaintiffs' proof unsatisfactory.[1] Defendant introduced evidence to show that plaintiffs did not file their 1988 or 1989 returns timely. Defendant argues that it may be possible for a return for one year to be lost in the mail, but it is statistically impossible for returns of the same taxpayer to be lost three consecutive years. Plaintiffs could not explain why the returns for all three years had not been received by defendant. Plaintiffs appear to believe the returns were lost in the mail or misplaced by defendant in its

---

[1] Defendant has no published standards as to what constitutes satisfactory proof. In the absence of a published standard, the court must uphold the department's decision if any reasonable basis is used.

processing. The court agrees with defendant that losing a taxpayer's return in the mail or in processing for three consecutive years is so unlikely as to be considered improbable.

Plaintiffs were entitled to a refund and therefore would have been motivated to file their return timely. Plaintiffs have a long history of filing income tax returns, most of which provided them with refunds. It seems highly unlikely that plaintiffs would not have mailed the 1987 return as claimed. Yet the court recognizes that individuals make mistakes and do not always act rationally. For example, public accountants, who are acutely conscious of income tax laws, sometimes inexplicably do not file their own returns. *See Arnold v. Dept. of Rev.*, 12 OTR 69 (1991).

Assuming plaintiffs mailed their 1987 return in 1988, it is puzzling why plaintiffs did not contact defendant before 1991 to inquire as to their refund. Plaintiffs explained they did not contact defendant because they were involved in a dispute with defendant over their 1986 return. However, even if that were the case, one would reasonably expect plaintiffs to contact defendant to see that the refund would be applied against the 1986 amount owing.

Plaintiffs also could not explain why their 1988 and 1989 returns were not received by defendant. The 1988 return was a tax-due return, as opposed to a refund return. Plaintiffs might have introduced evidence to show they made payment of the 1988 tax or that a check had been written which remained outstanding. No such evidence or explanation was offered.

■ The legislature has given defendant discretion to determine what evidence is "satisfactory" to prove a return was timely deposited in the mail. Where taxpayers establish they filed their federal return timely and furnish a copy of the missing state return showing a refund due, one might infer the state return was lost in the mail. However, that level of proof is not satisfactory to defendant. Perhaps, if plaintiffs could show they contacted defendant during the three-year period to inquire about the expected refund, such evidence would be satisfactory to defendant. However, plaintiffs made no such showing. The court cannot find defendant

abused its discretion because it deemed plaintiffs' evidence unsatisfactory.

The court finds defendant did not abuse its discretion in concluding plaintiffs' proof was unsatisfactory. Accordingly, department's Opinion and Order No. 92-1134 must be sustained. Costs to neither party.