Argued and submitted January 27, reversed and remanded June 22, 1994

## STATE OF OREGON,
*Appellant,*

*v.*

## MARLA CULLEN,
*Respondent.*

(92-1027 CR; CA A78194)

876 P2d 864

Janie M. Burcart, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, Richardson, Chief Judge, and Riggs, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

The state appeals a judgment entered before trial dismissing an indictment against defendant. ORS 138.060-(1); *State v. Martinez*, 97 Or App 170, 776 P2d 3 (1989). We reverse and remand.

Defendant moved, before trial, to require the state to disclose the identity of several unnamed informants referred to in an affidavit for a search warrant that was executed at her home. The court granted the motion as to one informant. The state elected not to disclose the informant's identity, and the court granted defendant's motion to dismiss the indictment. OEC 510(4)(b).

The state argues that the court erred in ordering it to disclose the identity of the informant. OEC 510(2) provides a privilege from disclosing the identity of an informant.[1] However, under OEC 510(4)(b), no privilege exists

> "[i]f it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case."

In *State v. Wood*, 114 Or App 601, 607, 836 P2d 176, *rev den* 314 Or 574 (1992), we said that disclosure under this provision is required "only if the informant can provide evidence useful to the defense." *See also State v. Vatland*, 123 Or App 577, 581, 860 P2d 820 (1993), *rev den* 318 Or 583 (1994). Defendant did not point to any facts, nor did the court make any findings on the basis of the record, that indicate that the unnamed informant would provide evidence useful to the defense. The trial court erred in ordering the state to disclose the identity of the informant and, therefore, in dismissing the case under OEC 510(4)(b).

Reversed and remanded.

---

[1] OEC 510(2) provides:

"A unit of government has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of iaw to a law enforcement officer or member of a legislative committee or its staff conducting an investigation."