OPINION
 I. INTRODUCTION
This matter comes before the court for decision after trial. Plaintiffs William and Paula Kay Day (taxpayers) appeal following decision for Defendant (the department) in the Magistrate Division. Defendant argues that the decision by the Magistrate Division was appropriate.
 II. FACTS
The original due date for taxpayers' 2003 Oregon Income tax return (2003 Oregon tax return) was April 15, 2004.[1] The period of limitations for a refund request for the 2003 tax year expired on April 17, 2007. (First Stip Facts at 1, ¶ 1.)[2] Taxpayers signed their 2003 Oregon tax return on April 17, 2007.[3]
(Id. at ¶ 2.) That return showed a refund due to taxpayers. Taxpayers *Page 2 
allege and testified that they also mailed their original 2003 Oregon tax return, together with all supporting documents, to the department on April 17, 2007. The record establishes that taxpayers were in the habit of regularly filing original returns showing refunds due only on or about the expiration of the statute of limitations for claiming refunds. Taxpayers testified at length about their actions on April 17, 2007, in preparing, packaging, and mailing their state and federal returns for the 2003 year. The court finds this testimony to be credible.
The department first received a document purporting to be taxpayers' 2003 Oregon tax return on May 21, 2007, from the Internal Revenue Service (IRS). (First Stip Facts at 2, ¶ 8; First Stip Facts, Ex D at 1-2.) This document (two-page Oregon tax return) did not include W-2s, 1099-Rs, or a copy of taxpayers' 2003 federal income tax return. (First Stip Facts at 3, ¶ 9; First Stip Facts, Ex D at 1-2.) On June 21, 2007, the department forwarded the two-page Oregon tax return, by mail, to taxpayers with an enclosure (the form notice) entitled "Did You Send Your Oregon Income Tax Return to the IRS?" (First Stip Facts at 2, ¶¶ 11, 14; First Stip Facts, Ex E.) Taxpayers received the two-page Oregon tax return and the form notice from the department on June 23, 2007. (Def's Ex I.) The form notice did not indicate whether taxpayers, specifically, had filed their 2003 Oregon tax return. (First Stip Facts, Ex E.) Because they believed they had already filed their 2003 Oregon tax return and that the two-page Oregon tax return was their file copy, inadvertently placed with the federal return, taxpayers did not act upon the form notice.
The department received a 2004 Oregon income tax return, claiming a refund, from taxpayers on August 30, 2007. (Def's Ex I at 1.) The department issued taxpayers a refund, which was received on September 14, 2007. (Ptfs' Trial Br, Ex A at 5.) A few days after receiving their 2004 income tax refund, taxpayers contacted the department to enquire about their 2003 refund, which they had not yet received. (Id.) Taxpayers spoke with a representative *Page 3 
of the department who informed them that the department had not received their 2003 Oregon tax return. (Id.)
On October 1, 2007, the department received the following from taxpayers: the two-page Oregon tax return, corresponding W-2s and 1099-Rs, and a copy of taxpayers' 2003 federal Form 1040.[4]
(First Stip Facts at 4, ¶¶ 15, 16; First Stip Facts, Ex E.) With their 2003 Oregon tax return and supporting documents, taxpayers also included (1) a copy of the form notice; (2) a two-page handwritten letter of explanation; (3) a certified mail receipt, stamped by the Portland Airport Mail facility, dated April 17, 2007, for a package addressed to REFUND (FAST), P.O. Box 14700, Salem, Or 97309-0930;[5] and (4) the corresponding return receipt, received on May 8, 2007. (Id. at ¶ 4; First Stip Facts, Exs E at 1, F at 1-2, and A at 1.) The return receipt does not have a signature or other information from the addressee indicating that the package was delivered to or received by the department. (Stip Facts Ex A at 1.) The parties have stipulated that the department did not receive the 2003 return before the time the two-page Oregon return was received from the IRS.
Taxpayers met with Faith Derickson (Derickson), an employee of the department, regarding their claimed refund on November 8, 2007. (Def's Ex N at 1.) At the conference, taxpayers presented a copy of the mailing receipt from the Airport Mail Facility in Portland, Oregon, dated April 17, 2007, 11:20:34 PM. (First Stip Facts at 2, ¶ 5; First Stip Facts, Ex B at 1.) This receipt itemized the mailing cost for one package, weighing 1.60 ounces, mailed to *Page 4 
Salem, Oregon 97309, by certified mail with a return receipt.[6]
(Id.) This receipt also itemizes the mailing cost for one package, weighing 3.50 ounces, mailed to Fresno, California 93888, by certified mail with a return receipt.[7]
(Id.)
For purposes of comparison, taxpayers further submitted a receipt from Beavercreek Post Office, dated August 29, 2007, 11:21:29 AM that related to their state and federal tax returns for 2004. (First Stip Facts at 2, ¶ 6; First Stip Facts, Ex C at 1.) This receipt details the mailing costs for a package, also weighing 1.60 ounces and addressed to Salem, Oregon 97309, by certified mail with return receipt and a package, weighing 3.50 ounces and addressed to Fresno, California 93779, by certified mail with return receipt.[8]
(Id.)
In considering taxpayers appeal, Derickson reviewed the USPS information and other supporting documents provided by taxpayers. (Def's Ex N.) Although finding that taxpayers mailed "something" to the department on April 17, 2007, Derickson stated that the USPS information did not identify what was mailed or received by the department. (Id.) Derickson concluded that taxpayers' 2003 Oregon tax return was originally sent to the IRS and was not received by the department until May 21, 2007. (Id.) Additionally, Derickson noted that taxpayers' 2003 Oregon tax return was mailed back to taxpayers with a request for more information on June 21, 2007, and that the department did not receive the return with additional information until October 1, 2007. (Id.) Derickson denied taxpayers' refund, based on the above, through written notification on December 10, 2007. (Id.) *Page 5 
Taxpayers and the department disagree as to whether the department abused its discretion in determining that taxpayers did not timely file their 2003 Oregon tax return and refund request. Taxpayers contend they mailed their 2003 Oregon tax return, together with two W-2s and two 1099-Rs, and a two-page copy of IRS Form 1040, to the department on April 17, 2007. (First Stip Facts at 2, ¶ 3.) They further contend that their original 2003 Oregon tax return was lost in transmission and that the document the department received from the IRS on May 21, 2007, was their personal file copy, which was inadvertently attached to the back of their 2003 federal tax return. (Ptfs' Compl at 2.) Finally, taxpayers contend that they became aware of the fact that the department had not received the 2003 return only in September of 2007 and provided the department with a duplicate of that return within 30 days, as required by ORS 305.820(1)(a)(B).[9]
The department contends that taxpayers inadvertently mailed their 2003 Oregon tax return to the IRS, only part of which was later forwarded to the department. (Def's Ex N.) The department did not present evidence to this effect. The department concedes that taxpayers' USPS information does show that taxpayers mailed something to the department on April 17, 2007. The department contends, however, that taxpayers' USPS information does not specifically identify what was mailed to the department.
 III. ISSUE
Did the department abuse its discretion when it determined taxpayers had not timely mailed their 2003 Oregon income tax return within the three-year statutory deadline in order to claim a refund? *Page 6 
 IV. ANALYSIS
Oregon law prohibits the department from issuing an income tax refund on any return not filed within three years of the original due date. ORS 314.415(2). Taxpayers' original 2003 Oregon return was due on April 15, 2003. IRC § 6072(a) (requiring returns for calendar year taxpayers to be "filed on or before the 15th day of April following the close of the calendar year" for which the return is due);[10] ORS 314.385 (requiring an Oregon return to be filed "on or before the due date of the corresponding federal return"). Three years past the original due date of
April 15, 2007, fell on a Sunday. Under Oregon law, when tax returns are legally required to be filed on a Saturday, Sunday or legal holiday, taxpayers are given until the next business day to file their return. ORS 305.820(2). Monday April 16, 2007, was Emancipation Day, a legal holiday in the District of Columbia. IRS News Release IR-2007-15 (Jan 24, 2007). That further extended the filing deadline to April 17, 2007. Therefore, in order to be entitled to a refund, taxpayers had to have mailed their 2003 Oregon tax return and refund request on or before April 17, 2007.
The parties agree that the department did not receive a complete 2003 Oregon tax return from taxpayers until October 1, 2007. (First Stip Facts at 4, ¶ 15.) Taxpayers allege that they mailed an original, complete 2003 Oregon tax return to the department on the evening of April 17, 2007, and that it was subsequently lost in the mail. (Ptfs' Compl at 2.) Documents mailed to the department can be deemed filed on the mailing date, even if received after the deadline.
ORS 305.820 provides, in relevant part that:
 "(1) Any writing or remittance required by law to be filed with * * * the Department of Revenue * * * which is:
 "* * * * * *Page 7 
 "(c) Lost in transmission through the United States mail * * * shall be deemed filed and received on the date it was mailed or deposited for transmittal if the sender:
 "(A) Can establish by competent evidence satisfactory to the addressee that the writing or remittance was deposited on or before the due date for filing in the United States mail, * * * and addressed correctly to the addressee; and
 "(B) Files with the addressee a duplicate of the lost writing or remittance within 30 days after written notification is given by the addressee of its failure to receive such writing or remittance."
ORS 305.820(1)(c) (emphasis added).
Therefore, if taxpayers can show by competent evidencesatisfactory to the department that actual mailing occurred on April 17, 2007, their return would be deemed to have been filed on that date, and they would be entitled to a refund.[11]
The department adopted a rule addressing, in nonexclusive fashion, types of evidence of timely mailing it will consider in the event that a return is not received. OAR 150-305.820(2)(b) (2009) states, in relevant part:
 "If the department has no record of receiving a return, the taxpayer may be able to establish satisfactory proof of timely mailing. Examples of evidence the department will consider include:
 "(A) A history of timely filing returns with the department;
 "(B) Proof of timely filed federal returns;
 "(C) Written documentation from the taxpayer which would indicate that the taxpayer had timely filed."
The court reviews the department's determination, under ORS 305.820, for an abuse of discretion. Egusa v. Dept. ofRev., 13 OTR 1, 4-5 (1994). "Discretion" describes the power of *Page 8 
the department to choose between several legally permissible courses of action. State v. Caruso,289 Or 315, 322, 613 P2d 752 (1980); State ex rel Maizels v.Juba, 254 Or 323, 330, 460 P2d 850 (1969). As a standard of review, "abuse of discretion" is relatively without content, as it describes a conclusion to be reached and not the analysis used to reach it. Liberty Northwest Ins. Corp. v. Jacobson,164 Or App 37, 45, 988 P2d 442 (1999). The essential question is "whether the choice made is consistent with one or several objectives to be served by vesting discretion in the decision maker, under circumstances pertinent to the decision to be made."Id.; see generally Dickinson v. Davis,277 Or 665, 673-76, 561 P2d 1019 (1977) (discussing the nature of discretion in administrative proceedings).
The purpose of ORS 305.820(1)(c) is to allow taxpayers to present evidence of timely mailing in the event that their tax return is not received by the department. The statute directs the department to determine if such evidence is (1) competent and (2) satisfactory. The department adopted a nonexclusive rule describing some types of evidence it will consider as proof of timely mailing. In this matter, the department did not exclude from its consideration any of the evidence provided by taxpayers. Phrased differently, the department treated the evidence provided by taxpayers ascompetent. If not, the department would simply not have considered it.
The department still had discretion to determine if such evidence was satisfactory to show timely mailing. The department concluded in its December 10, 2007, Notice of Refund Denial, based on certified mailing receipts provided by taxpayer, that "something" was properly addressed and timely mailed to the department on April 17, 2007. Nonetheless, the department declined to draw the inference that that "something" was taxpayers' 2003 Oregon tax return. The department gave two reasons for reaching that conclusion. The first is that the receipts do *Page 9 
not show what items were mailed. (Def's Ex N.) However, that requirement is not stated to be a requirement in the statute or rules. OAR 150-305.820 does caution citizens who mail close to a deadline to use certified mail. However, taxpayers complied with that admonition. The rule does not state that notation on the receipt as to contents is needed or that a taxpayer's statement of the contents will necessarily be insufficient.
The second reason given by the department was that the documents provided "verify that your 2003 Oregon return was not originally sent to DOR, but to the IRS." (Def's Ex N.) The evidence adduced at trial on this matter demonstrates that the documents provided to the department's representative do not convincingly verify the conclusion reached by the department. They more probably demonstrate that a partial copy of an Oregon return, one without required attachments, was mistakenly sent to the IRS.
On the question of what Oregon material was sent to the IRS, four points are particularly relevant. First, although the document sent to the IRS and returned by the IRS to the department and, by the department, to taxpayers bore an original signature, taxpayers testified that it was common for them to sign their file copy of the Oregon return kept for their records. This was, in effect, a way of denoting what was a copy of the actually submitted document. Second, the department had relied on the stapling holes on the document in reaching its conclusion and litigating in the Magistrate Division. However, no such evidence was admitted in this proceeding because the department admitted that it had no competent evidence of the condition of the document at the time it was received from the IRS and that when it was received by the department from taxpayers several items had been stapled to it. Third, the evidence on package weights does not fit a theory that an entire Oregon return, with attachments, was sent to the IRS. Finally, the conclusion of the department on this point could be reached only if one concluded *Page 10 
that the IRS separated attachments from the Oregon return and mailed to the department only the Form 40. The court cannot reach that conclusion.
The evidence submitted to the department, discussed with the department and admitted at trial shows that the "something" sent to the department on April 17, 2007, was a complete Oregon return sent on the last permissible date. For the department to conclude otherwise can only represent its view that taxpayers are not credible. Under other circumstances, such a determination by the department might not amount to an abuse of discretion. Here, however, the nontestimonial evidence is consistent only with taxpayers' theory of the case. The court also finds that taxpayers are credible. In the face of significant evidence in favor of taxpayers' version of events, the department abused its discretion in concluding otherwise.
 V. CONCLUSION
Having concluded that taxpayers presented competent evidence satisfactory to show that they timely mailed "something" to the department on April 17, 2007, the department abused its discretion in refusing to make the inference that "something" was taxpayers' 2003 Oregon tax return and denying taxpayers refund request. Now, therefore,
IT IS THE OPINION OF THIS COURT that taxpayers' appeal is granted.
Dated this ___ day of November, 2010.
[1] The parties stipulated that taxpayers' original 2003 Oregon tax return was due on April 17, 2004. (First Stip Facts at 1, ¶ 1.) This was an error. The due date for 2003 Oregon tax returns was April 15, 2004.
[2] The stipulated facts were admitted without objection and shall be treated as established fact. (Trial at 9:57:20, April 21, 2010.) The April 17, 2007, date resulted from April 16, 2007, being Emancipation Day, a holiday in the District of Columbia.
[3] Taxpayers admittedly misdated their 2003 Oregon tax return as being signed on April 16, 2007. (First Stip Facts at 1, ¶ 2.)
[4] The two-page Oregon tax return was the same physical document that the department received from the IRS on May 21, 2007, and forwarded to taxpayers on June 21, 2007. (First Stip Facts at 4, ¶¶ 15, 16; First Stip Facts, Ex E.) The forms W-2, 1099-R and federal form 1040 were copies taxpayers had in their records.
[5] Tax returns that request a refund are directed to: Oregon Department of Revenue, PO Box 14700, Salem, OR 97309-0930. (Oregon Individual Income Tax Return, Form 40.) The parties do not dispute the accuracy of the manner in which taxpayers addressed their envelope.
[6] Taxpayers contend this package contained their 2003 Oregon tax return, complete with supporting documents.
[7] Taxpayers contend this package contained their 2003 federal income tax return, complete with supporting documents and a file copy of their two-page 2003 Oregon tax return without supporting documents.
[8] Taxpayers contend these packages contained their 2004 Oregon income tax return (2004 Oregon tax return) and their 2004 federal income tax return, respectively. (Ptfs' Trial Br at 9.) Those packages were received by the addressees.
[9] All references to the Oregon Revised Statutes (ORS) are to the 2009 edition.
[10] All references to the Internal Revenue Code (IRC) are to the 2008 edition.
[11] ORS 305.820(1)(c)(B) is irrelevant to this case because the department never issued taxpayers written notice of their failure to receive a 2003 Oregon tax return from taxpayers. The department did send the form notice to taxpayers on June 21, 2007. The court finds that such form notice was not the type of written notice required by ORS 305.820(1)(c)(B). Further, taxpayers submitted a duplicate of the lost return within 30 days of learning that it had never been received by the department.