Argued and submitted November 29, 1999, vacated and remanded
January 26, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## MITCHELL JAMES FOX,
*Appellant.*

## (97-00078CR; CA A99979)

995 P2d 1193

David E. Groom, Public Defender, and Louis R. Miles, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant appeals from his conviction for possession of a controlled substance. ORS 475.992(4)(b). He asserts that the trial court improperly denied his motion to suppress based solely on his failure to appear at the time set for hearing of the motion. We review for errors of law and vacate and remand.

Following his arrest, defendant executed a pretrial conditional release agreement in which he agreed "to appear at all times and places as ordered by any Court having jurisdiction[.]" The agreement stated that should defendant violate any of its conditions, the court could revoke his release, issue a warrant for his arrest, and charge him with contempt. Before trial, defendant filed a motion to suppress physical evidence seized by the police. The trial court set the motion for hearing, and defendant was notified of the hearing through counsel. Counsel for defendant and the state appeared and were prepared to proceed with the motion to suppress but defendant failed to appear. The trial court summarily denied defendant's motion, based solely on his failure to appear, without taking evidence or making a ruling on the merits of the motion. The record does not disclose that any action was taken against defendant under the release agreement based on his failure to appear.

Defendant appeared for trial. Immediately before the commencement of trial, the court conducted a *Jackson / Denno* hearing,[1] at the state's instance, to determine the admissibility of statements defendant made to the police. The court ruled that defendant's statements were admissible.[2] Defendant then decided to waive his right to a jury trial and to proceed to trial on stipulated facts. During a colloquy with the trial court about his decision to waive jury trial, defendant twice asked the court whether he could appeal the denial of his motion to suppress. The trial court responded affirmatively. During the same colloquy and immediately prior to the stipulated facts trial, the following separate

---

[1] *Jackson v. Denno*, 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908 (1964).

[2] Defendant does not appeal from that ruling.

exchanges also took place between the trial court and defendant's attorney:

> "THE COURT: You can file an appeal on all the decisions that I make in the case including my denial of your motion to suppress in case you didn't, weren't here. Because you can appeal that.

> "[DEFENSE COUNSEL]: * * * I just want to make sure we preserve that issue, that we do object to your decision not to allow him to proceed with his motion to suppress because he didn't appear at the time it was scheduled. * * *.

> "* * * * *

> "THE COURT: * * * [A]nything you'd like on the record before we proceed?

> "[DEFENSE COUNSEL]: No. Only that we would renew our—I would make a record and object to the Court's refusal to allow us to have the motion to suppress because [defendant] did not appear. We would object to the Court exercising its authority in that manner."

Defendant appeals from his ensuing conviction.

Defendant assigns error to the trial court's summary denial of his motion to suppress. He argues that the trial court erred because it based the ruling solely on his failure to appear at the scheduled suppression hearing. The state responds that defendant's failure to appear on the date set for hearing "disentitle[d]" him to a hearing on the merits. The state further argues that defendant failed to renew the motion before trial and that his assignment of error is not preserved for appeal. We review for errors of law. ORS 138.220; *State v. Cocke*, 161 Or App 179, 181, 984 P2d 321 (1999).

■ The court is required to order a suppression hearing on motion of either party. ORS 135.037;[3] *State v. Caruso*, 43

---

[3] ORS 135.037 provides, in part:

"(1) * * * the court upon motion of any party shall * * * order an omnibus hearing.

"(2) The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a) Suppression of evidence[.]"

Or App 405, 408, 602 P2d 1135 (1979), *rev'd on other grounds* 289 Or 315, 613 P2d 752 (1980) ("[t]he trial court's obligation to hold an omnibus hearing upon the request of a party is absolute"); *State v. Lewis*, 39 Or App 151, 154, 591 P2d 414 (1979) ("[t]he language of the statute is mandatory"). We have previously considered the ramifications of a defendant's failure to appear at a suppression hearing and concluded that such conduct does not empower the trial court to refuse to hold the hearing. *State v. Desirey*, 99 Or App 283, 782 P2d 429 (1989). In *Desirey*, the defendant failed to appear at the time set for a hearing on her motion to suppress. The trial court struck the motion. In a later court appearance, the defendant sought to renew the motion, but the trial court ruled that she had waived her right to an omnibus hearing. *Id.* at 285. We reversed, holding that

> "[t]he court could have decided the motion in defendant's absence, but it did not have the authority to refuse to consider it. Moreover, even though she may have waived her right to be present, there is no evidence in the record that would support a finding that defendant's failure to appear constituted a waiver of her right to a hearing on the matter." *Id.*

Despite our decision in *Desirey*, the state urges that defendant's failure to appear "disentitled" him to a decision on the merits. The state argues that the trial court properly denied the motion because, among other reasons, defendant's failure to appear violated the terms of his release agreement. We disagree. We note first that, in its order denying the motion, the trial court did not refer to the release agreement. Furthermore, the terms of defendant's release agreement provided remedies should he fail to appear: revocation of pretrial release, issuance of an arrest warrant, and a charge of contempt. Apparently, none of those remedies were pursued. The agreement did not specify that failure to appear would result in disentitlement to a statutorily mandated suppression hearing, even if it could have done so. Therefore, defendant's violation of the release agreement did not disentitle him to a hearing on his motion. *See State v. Peters*, 119 Or App 269, 274, 850 P2d 393 (1993) (defendant, who acknowledged in release agreement that consequence of failure to

appear would be trial *in absentia*, surrendered right to appear at trial by failing to appear).

■          No existing authority supports application of the state's disentitlement theory in circumstances such as these. The only case on which the state relies is *State v. Smith*, 312 Or 561, 822 P2d 1193 (1992), in which the Supreme Court dismissed the appeal of a defendant who absconded from probation supervision. However, even as to fugitive defendants, dismissal of an appeal is appropriate only when the absence has "significantly interfere[d] with the operation of the appellate process." *State v. Lundahl*, 130 Or App 385, 389, 882 P2d 644 (1994).

Assuming without deciding that the appellate doctrine of disentitlement is applicable to trial court proceedings, the record does not support the trial court's summary denial of defendant's motion. There is no evidence that defendant absconded from supervision or that his failure to appear otherwise interfered with the judicial process to such an extent that a lesser sanction would not have sufficed. The record shows that defendant's lawyer appeared for the scheduled hearing and was ready to proceed but that defendant did not appear. Instead of summarily denying defendant's motion, the trial court could have imposed one or more of the remedies provided by the release agreement as a sanction for defendant's failure to appear. The court could also have postponed the suppression hearing to the time of the *Jackson/Denno* hearing, at which the defendant and police witnesses would have been expected to and, in fact, did appear. The court elected none of those or any other available option but, rather, summarily denied defendant's motion. In doing so, the court erred. *Desirey*, 99 Or App at 285.

The state next argues that defendant failed to renew his motion to suppress before trial and, thus, did not preserve his claim of error. In support of that argument, the state cites cases in which, at trial, the defendants requested reconsideration of earlier denied motions. *Desirey*, 99 Or App at 285 n 1 (noting that "[d]efendant properly preserved the error" by renewing her motion to suppress); *see, e.g., State v. Peterson*, 66 Or App 477, 479 n 1, 675 P2d 1055 (1984) (defendant moved that trial court reconsider her motion to waive local

court rule; her "pretrial motions adequately raise the [legal] issues"). The state contends that the motions for reconsideration made in those cases were essential in order to preserve the defendants' arguments for appellate review. Again, we disagree. Our decision in *Desirey* did not hinge on the defendant's renewal of her motion to suppress. Instead, we concluded that there was nothing in the record to support a finding that the defendant waived her right to a hearing on the motion. *Id.* at 285. Likewise, in *Peterson*, we merely held that the defendant's pretrial motion and a motion to reconsider the denial of that motion were *sufficient* to preserve a claimed error, not that the second motion was *necessary*. 66 Or App at 479 n 1.

█ More recently, as the state acknowledges, the Supreme Court explicitly rejected the proposition that a defendant must renew a previously denied motion in order to preserve the claimed error for appeal. *State v. Cole*, 323 Or 30, 34, 912 P2d 907 (1996). In *Cole*, the defendant, acting *pro se*, filed an unsuccessful pretrial motion to suppress. At trial, represented by counsel, the defendant did not renew his motion to suppress. He was convicted and appealed on the ground that the trial court failed to warn him adequately of the risks of self-representation. The state argued that, because the defendant did not renew the motion to suppress at trial, his appellate assignment of error was not preserved. The Supreme Court disagreed: "Once an evidentiary ruling is made pretrial, the lack of later relitigation of the same issue * * * does not render any claim of error associated with the ruling unpreserved." *Id.* at 35.

The state asserts that *Cole* is inapposite because in that case, unlike the circumstances here, the trial court *did* issue a pretrial decision on the merits of the defendant's motion. This case, according to the state, does not present a situation in which defendant would have been required to "relitigat[e]" the motion, since he never litigated it in the first place. We find that procedural distinction to be unpersuasive.

The state's proposed limitation of the reasoning in *Cole* to trial court rulings on the merits would preclude appellate review unless a defendant performs the ritual incantation of formally renewing a summarily denied motion. However, the trial court's summary denial of the motion in this

case had the same effect on defendant as did the suppression ruling on the defendant in *Cole*; the court's refusal to decide the motion on its merits was no less a denial than an adverse ruling would have been following an evidentiary hearing. In either case, a motion to reconsider the denial of the motion would have "relitigated" the court's ruling. Because no such motion was required in *Cole*, it makes no more sense to impose such a requirement for preservation here.

■        Moreover, as noted above, defendant's attorney registered two pretrial objections to the trial court's refusal to hold a suppression hearing. Although defendant did not formally request a hearing at that time, those objections afforded the trial court an opportunity to correct its previous decision. *See Starr v. Eccles*, 136 Or App 30, 36, 900 P2d 1068 (1995) (party owes court sound, clear, and articulate motion, objection, or exception to permit trial judge to consider the legal contention or correct an error already made). We conclude that defendant adequately preserved the claim of error.

        We vacate judgment and remand the case for a hearing on defendant's motion to suppress. If the trial court denies the motion, then it shall reinstate the conviction. If the motion is granted, then defendant shall receive a new trial. *Desirey*, 99 Or App at 286.

        Vacated and remanded.