Argued and submitted May 6, vacated and remanded October 28, 2009

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## ROSEMARY GAIL EDWARDS,
*Defendant-Respondent.*

Curry County Circuit Court
07CR0416; A137256

219 P3d 602

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Matthew P. Muenchrath argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

■ The state appeals from a pretrial order suppressing evidence, arguing that the trial court erred by basing the order solely on the prosecutor's failure to appear at the time set for the omnibus hearing. Because our decision turns on the interpretation of a statute—ORS 135.037, set out below—we review for errors of law. *State v. Fox*, 165 Or App 289, 291, 995 P2d 1193 (2000). We vacate the order and remand.

Defendant was charged with reckless endangerment and assault stemming from an automobile accident that injured two pedestrians. Before trial, she moved to suppress evidence that she had refused to submit to a urinalysis, and a hearing on the motion was set. At that time, only two prosecutors worked at the Curry County District Attorney's Office. A few days before the hearing, the deputy district attorney asked for permission to accompany his wife to Eugene for a medical appointment, and the district attorney consented. As a result, only the district attorney was at work on the day of the hearing. The hearing was scheduled for 10:30 a.m., and the district attorney had another trial scheduled in a different courtroom of the same building for 9:30 a.m. He informed the trial court staff and opposing counsel of the scheduling conflict, but he made no motion for continuance or postponement, because he believed that the first proceeding would be short enough to allow him to make a timely appearance at the omnibus hearing. Although he had arranged for a witness to be present at that hearing and had reproduced relevant cases for the court, he did not file a response to defendant's motion to suppress because he was planning to argue the motion orally at the hearing.

When the omnibus hearing was called at 10:30 a.m., however, nobody appeared for the state. The entirety of the ensuing proceeding consisted of the following conversation:

"THE CLERK: Stand, please. Circuit Court for the State of Oregon, County of Curry, is now in session, the Honorable Jesse C. Margolis presiding.

"THE COURT: Please be seated.

"[Defense Counsel]: Thank you.

"THE COURT:    State of Oregon versus Rosemary Gail Edwards, Case No. 07CR0416. This is the time set for an omnibus hearing in this matter. It appears there's nobody here on behalf of the State.

"[Defense Counsel]:    My understanding, he's got—he had a hearing downstairs, Your Honor. I don't know. I don't appear very often in Curry County, so I don't know—

"THE COURT:    Well, there's a trial that's set down-stairs that was set to begin at 9:30, and this omnibus hearing was set to begin at 10:30. If there's only one prosecutor here, I don't know how he could have planned to do both of them. There's no motion from the State to move either of those, so your motion will be allowed.

"[Defense Counsel]:    Yes, Your Honor. I know that [the prosecutor] was here not long ago.

"THE COURT:    He's not here. You'll prepare an order, present it to the court?

"[Defense Counsel]:    I will. Yes, Your Honor. I just don't want him to think that I tried to slip one by him, so that's the concern that I have. So that would be fine with me. No complaints here, Your Honor.

"THE COURT:    All right.

"[Defense Counsel]:    So thank you.

"THE COURT:    Off the record."

After this proceeding, the district attorney filed a motion for reconsideration with the trial court. At the hearing on that motion, he told the court that his earlier trial on the day of the omnibus hearing did not end until 10:20 a.m., and he did not arrive for the omnibus hearing until 11:20 a.m. He did not explain—and, in fact, the state has never explained—why the longer-than-expected early trial caused him to be nearly an hour late to the omnibus hearing when, in fact, that first event finished 10 minutes before the second one began and both were in the same building.[1] The trial

---

[1] At oral argument, the state did not maintain that the district attorney had an adequate reason for his delay in proceeding from the 9:30 a.m. trial to the hearing; rather, the state asserted that the record did not establish definitively that the delay occurred. We have reviewed the record and, it is not ambiguous: the delay occurred and the district attorney made no attempt to explain it.

court denied the motion to reconsider. The state subsequently appealed, assigning error to the grant of defendant's motion to suppress and the denial of the state's motion to reconsider. The motions department of this court ruled that the denial of the motion to reconsider was not appealable and dismissed that assignment of error; the only remaining issue is the grant of the motion to suppress.

■■ The state argues that the trial court erred by granting the motion solely on the basis of the district attorney's failure to appear at the scheduled suppression hearing. Defendant responds, first, that the state did not preserve its claim of error. We disagree with defendant on that issue. When a trial court takes some action based on the fact that a party is not present, the absent party cannot be expected to object. Here, the state informed the court of its claim of error at the first opportunity, that is, in a motion to reconsider. An issue is preserved for appellate review if the trial court has had the opportunity to "identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). That occurred here, and our ruling that the motion to reconsider is not appealable does not alter that fact.

■ Defendant's second argument requires more discussion. Defendant points to several facts to support her contention that the trial court did not err. She notes correctly that (1) the prosecution knew well in advance that there was a potential conflict and could have sought to postpone the hearing; (2) the district attorney presented no explanation for his failure to appear at the hearing when his so-called conflicting trial ended 10 minutes before the hearing began; (3) the district attorney, in an affidavit, averred that he believed that the court "would wait for me to appear," without offering any basis for that belief; and (4) the court conducted an adequate hearing because it considered all of the material that it had before it. Based on those facts, defendant argues, we must conclude that the court did not err.

Defendant's argument, however, cannot be reconciled with ORS 135.037 as we have construed that statute. The statute provides, in part:

"(1) At any time after the filing of the accusatory instrument in circuit court * * * the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing.

"(2) The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:

"(a) Suppression of evidence[.]"

Under that statute, "[t]he trial court's obligation to hold an omnibus hearing upon the request of a party is absolute." *State v. Caruso*, 43 Or App 405, 408, 602 P2d 1135 (1979), *rev'd on other grounds*, 289 Or 315, 613 P2d 752 (1980). In *Fox*, 165 Or App at 291, again relying on ORS 135.037, we held that, even though the defendant was not present at a hearing on his motion to suppress, the court erred in summarily denying the motion based solely on his absence. The court in that case acted "without taking evidence or making a ruling on the merits of the motion." *Id.* We explained that " '[t]he court could have decided the motion in defendant's absence, but it did not have the authority to refuse to consider it.' " *Id.* at 293 (quoting *State v. Desirey*, 99 Or App 238, 285, 782 P2d 429 (1989)).

In this case, as well, the court's actions are more accurately described as a refusal to consider the motion than as a decision on the merits. It is true that, as defendant points out, the court had received defendant's memorandum in support of her motion to suppress. But we have no reason to believe that the court granted the motion on its merits. The court called the hearing to order, discovered that "there's nobody here on behalf of the State," and then announced,

"Well, there's a trial that's set downstairs that was set to begin at 9:30, and this omnibus hearing was set to begin at 10:30. If there's only one prosecutor here, I don't know how he could have planned to do both of them. There's no motion from the State to move either of those, so your motion will be allowed."

Under *Fox* and ORS 135.037, that was error.

Defendant argues that *Fox* is distinguishable because, in that case, the court ruled against the defendant,

and the defendant in a criminal trial has procedural rights that the state does not. That argument would have significant force if our decision was based on the constitution, because it is true that constitutional safeguards run *against* the state and not in its favor. But our decision is not constitutional; it derives from ORS 135.037, and that statute applies with equal force to "any party" and "all pretrial motions."

Finally, defendant maintains that the prosecution in this case caused delay and inconvenience without any reasonable excuse. Based on the evidence in the record, including the prosecutor's affidavit, we would agree, and our disposition of this case should not be taken as either an endorsement or approval of the district attorney's behavior. The question before us, however, is only whether both parties, including the state, had a statutory entitlement to a hearing on the merits of defendant's motion, and our only conclusion is that they did. We therefore vacate the order granting defendant's motion to suppress, and we remand.

Vacated and remanded.