Argued and submitted January 18, reversed and remanded October 26, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HOWARD LAMAR HARRIS, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
19CR53125; A173579

520 P3d 897

Defendant appeals from a judgment of conviction for fourth-degree assault constituting domestic violence. ORS 163.160(3)(d); ORS 132.586. He argues that the trial court erred by admitting hearsay statements without adequate proof of unavailability of the declarant in violation of his confrontation rights under Article I, section 11, of the Oregon Constitution. The state argues that defendant appeals from an unreviewable ruling and that he failed to preserve his argument. *Held*: Defendant preserved his argument and challenged a reviewable ruling, and the admission of the out-of-court statements of the absent complainant was error.

Reversed and remanded.

Thomas M. Hart, Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Pagán, Judge, and Hadlock, Judge pro tempore.*

MOONEY, P. J.

Reversed and remanded.

_____

* Pagán, J., *vice* DeHoog, J. pro tempore.

**MOONEY, P. J.**

Defendant appeals from a judgment of conviction for fourth-degree assault constituting domestic violence (Count 3) (ORS 163.160(3)(d); ORS 132.586). He assigns error to the trial court's decision to admit out-of-court statements of the nontestifying complainant, H, without adequate proof of unavailability, in violation of his constitutional right to "meet the witnesses face to face" under Article I, section 11, of the Oregon Constitution. The state responds that defendant did not preserve his constitutional confrontation argument, that any error is not plain, and that even if plain error occurred, we should not exercise our discretion to correct it. We conclude that defendant preserved his confrontation argument, this is a reviewable ruling, the state failed to adequately establish unavailability, and, thus, admission of the out-of-court statements violated defendant's Article I, section 11, confrontation rights. We reverse and remand.

"Whether an appellate argument is preserved is a legal issue." *Dept. of Human Services v. M. E.*, 297 Or App 233, 239, 441 P3d 713 (2019) (citing *State v. Fox*, 165 Or App 289, 292, 995 P2d 1193 (2000)). We review a witness's availability under Article I, section 11, for errors of law. *State v. Belden*, 369 Or 1, 12-13, 499 P3d 783 (2021). "[T]o the extent that [the] application of the legal standard turns on disputed questions of fact, this court is bound by the trial court's findings" if they are supported by evidence in the record. *Id.* at 13 (citing *State v. Iseli*, 366 Or 151, 159, 458 P3d 653 (2020)).

Deputy Nathaniel Morse received a call from the hospital about H, a pregnant patient, who had sought care from the hospital for visible injuries that she attributed to defendant, her boyfriend. Morse went to the hospital, spoke with H, and took photographs of her swollen face and bruised eye. When Morse later went to defendant's home, defendant denied seeing H that night.

At the ensuing assault trial, the state offered the record of H's hospital encounter as evidence against defendant. That record documented H's chief complaint of being "struck in the left side of her face by her ex-boyfriend" as well as H's statements that she was in "pain after being

physically assaulted by her ex-boyfriend" who struck her with his "fist."

H did not appear at defendant's trial. The state, thus, moved to dismiss Count 1, strangulation, and Count 2, one of the two assault charges, because it was unable to proceed on those counts without H as a material witness. According to the state, however, the same was not true as to Count 3, the remaining assault charge, on which it intended to proceed. At that point, defendant asked the court to dismiss all the charges with prejudice because the state "has had plenty of time to personally serve" H but had not yet done so. The state responded by detailing its efforts to contact H, noting that, while defendant was in custody, the state had been able to personally serve H with a subpoena, but that, upon defendant's release, H stopped returning its phone calls. The state attempted to serve H by certified mail, and it again attempted personal service through its investigators who went to H's current and previous known addresses. The investigators tried to reach H through text messages and social media but received no response. The state explained that its attempts had been unsuccessful, and that it had received information from another witness that H was afraid of defendant. The state concluded that H's fear "play[ed] a role in her absence" and that she was "actively trying to avoid service."

The court granted the state's motion to dismiss Counts 1 and 2 without prejudice because of the state's "active effort" to contact H. As to Count 3, the state represented that it was ready to proceed without H's live testimony because it would rely on the hospital records that described the injuries and the assault, as well as the testimony of the responding officer, Morse. Defendant again objected, this time arguing that proceeding with Count 3 on the basis of the hospital records and Morse's testimony, without the ability to cross-examine H, would violate his right to meet the witnesses against him face to face. Defense counsel argued:

> "[Defendant] has an absolute right to confront the witnesses against him and all of this evidence will be brought against him that is essentially from the mouth of [H] without her being here for us to cross-examine, for us to get a

full and complete picture from her, and that's incredibly prejudicial to my client. It literally makes the prosecution's entire case based on hearsay without any opportunity to cross-examine or even put her under oath, and that is a significant violation of his constitutional rights and I'd ask the Court to not allow that to move forward."

The court framed the issue as whether the out-of-court statements contained in the hospital records were admissible under an exception to the hearsay rule. Defendant agreed that the hearsay exception provided by OEC 803(4) for statements made for the purpose of medical diagnosis and treatment applied but again emphasized that there was "no opportunity to cross-examine." The court did not expressly rule on defendant's argument that his inability to cross-examine H about statements attributed to H in the hospital records and by Morse violated his right to confront witnesses. It did, however, mention that counsel could object "at any particular time with regard to *** a hearsay exception or something of that nature[.]"

At the close of the state's evidence defendant "reassert[ed] the objection [based on his] right of confrontation." He reiterated that the state's case was "entirely based" on the hearsay allegation of H that existed within the otherwise admissible hospital record. Defendant "reassert[ed] the objection to [his] right of confrontation," and moved for judgment of acquittal arguing that the state's case was wholly reliant on hearsay, that credibility was a key issue and that "without an alleged victim to cross-examine, this [would be] a miscarriage of justice." The court denied the motion for judgment of acquittal (MJOA). Defendant offered no evidence or testimony in his own defense, and the trial concluded with closing arguments.

In his closing argument, defendant again raised his confrontation argument. He emphasized that, because the key evidence against him—H's statements—came in through the testimony of Morse and the hospital record, he had not been able to test H's credibility because she was not subject to cross-examination. The court ruled as follows:

"Okay. The reason that statements for diagnosis and medical treatment are exceptions to the hearsay rule is

long based on their inherent reliability in that people don't lie to their doctors about things that they deal with medically, because it affects them personally.

"*****

"There are witnesses. We had the witness of the deputy who saw the demeanor of the defendant in response to all of this, there are witnesses that have come to light through the medical report, and there are pictures of real physical injury that are in the record, and the date and the time is not in question, and on the evidence before the Court it's absolutely proof beyond a reasonable doubt and I'm going to find [defendant] guilty of the offense of assault in the fourth degree[.]"

We begin with the questions of reviewability and preservation. The state argues, first, that "there is no adverse ruling regarding the hearsay evidence for defendant to appeal because when defendant first made his confrontation objection, the trial court deferred ruling until hearsay evidence was offered, and then defendant failed to reraise the objection when the medical records were offered." Defendant raised his confrontation argument pretrial in the context of the state's motion to dismiss Counts 1 and 2 and to proceed on Count 3, again at the close of the state's case in the context of his MJOA, and finally in closing argument where he requested acquittal. The court dismissed Counts 1 and 2 *without prejudice* and permitted the state to proceed to trial on Count 3, denied defendant's MJOA, and found him guilty of assault. While it is true that the court reminded counsel that he could make a hearsay objection as evidence was being offered during trial, defendant did not have a hearsay objection to the hospital records. In fact, he agreed that the medical records fit within the medical diagnosis and treatment exception to the hearsay exclusionary rule. His objection was instead based on his right to confront the witnesses against him. The court's decision to proceed on Count 3, and to admit the hospital record into evidence, especially given the relatively extensive discussion of the confrontation issue between the court and counsel, were rulings that impliedly denied and overruled defendant's confrontation argument. Those rulings were adverse to defendant and are reviewable by us.

The state next argues that "defendant did not pre-serve an objection to the admission to the victim's hear-say under Article I, section 11, of the Oregon Constitution because below defendant raised a generic confrontation objection without citing a specific constitutional authority or case that would provide the trial court with the relevant analysis." But the "touchstone" of preservation is proce-dural fairness to the parties and the trial court. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). And "adduc-ing particular authorities is not a prerequisite to preserva-tion." *State v. Walker*, 350 Or 540, 549, 258 P3d 1228 (2011). A defendant's failure to distinguish between state and fed-eral constitutional arguments is not dispositive of a lack of preservation. *Id.* at 550. As the court, in *Walker*, specifically explained:

"[A] hard-and-fast rule that a failure to assert a differ-ence between state and federal constitutional analysis is an impediment to appellate review is simply incorrect. * * * The appropriate focus, as our more recent cases make clear, is whether a party has given opponents and the trial court enough information to be able to understand the contention and to fairly respond to it. The necessity of fleshing out a contention with more developed or detailed analysis will depend on the circumstances and the nature of the issue that has been raised."

*Id.* at 551-52. The state's argument that, here, the trial court never had an opportunity to address the Article I, section 11, confrontation argument is not borne out by the record. Defendant first objected immediately after the prosecution revealed its intention to move forward on Count 3 relying on the medical records for H's statements about what had hap-pened. In fact, the court itself described defendant's objec-tion as being based on his right to confrontation:

"[DEFENSE COUNSEL]:   We do have a waiver of jury, Your Honor. Would you like to discuss that first or our objection to moving forward today—

"[THE COURT]:   Well, you can object to going on the third one * * * your—essentially your right to confront the witnesses.

"[DEFENSE COUNSEL]:   Exactly, Your Honor * * *."

In sum, defendant's confrontation objection immediately followed the state's explanation of the efforts that it had made to get H to appear for trial. He repeatedly emphasized H's absence from court and his resulting inability to cross-examine her. Moreover, defendant acknowledged that a hearsay exception applied to the hospital records (and he never hinted that his confrontation objection was based on any other aspect of the constitutional tests for permissible admission of out-of-court statements over a confrontation objection). Given that context, the trial court and the state had fair notice that defendant's confrontation objection was based on H's absence, that is, that defendant was making an argument based on his Article I, section 11, confrontation right and the "unavailability" prong of the associated legal test. That confrontation objection therefore triggered the state's "burden *** to show that it [had] exhausted the reasonably available measures for producing the witness." *Belden*, 369 Or at 11.

We now turn to the merits. Under Article I, section 11, "the accused shall have the right *** to meet the witnesses face to face." An out-of-court statement by a nontestifying declarant may only be admitted under that provision when the declarant is unavailable and the statement has adequate indicia of reliability. *State v. Supanchick*, 354 Or 737, 753, 323 P3d 231 (2014). Because the hospital records at issue here fit squarely within a hearsay exception, reliability is not disputed, leaving unavailability as the sole issue.

As noted, the state bears the burden to prove the unavailability of a declarant. Unavailability is proved "if the proponent of the declarant's hearsay statements made a good-faith but ultimately unsuccessful effort to obtain the declarant's testimony at trial." *State v. Simmons*, 241 Or App 439, 453, 250 P3d 431 (2011). The unavailability exception to the confrontation guarantee should not be "granted routinely" and applies only when a witness is "truly unavailable to testify" so that the state's reliance on prior out-of-court statements is "genuinely necessary." *State v. Herrera*, 286 Or 349, 355, 594 P2d 823 (1979). The state must "show that it has exhausted the reasonably available measures for producing the witness." *Belden*, 369 Or at 11. The record does

not support that conclusion here, and, because the state does not advance any argument on the merits of unavailability, we decline to develop such an argument on its behalf. *See R. S. R. v. Dept. of Human Services*, 319 Or App 149, 161-62, 510 P3d 209 (2022).

Reversed and remanded.