No. 637          December 6, 2023          397

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Arnold R. HUSKEY,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF CORRECTIONS,
Colette Peters, Guy Hall, Garrett Laney,
and John and Jane Doe(s) 1-10, individually
and in their official capacities,
*Defendants-Respondents.*

Marion County Circuit Court
22CV21140; A180196

Erious C. Johnson, Jr, Judge.

Submitted June 2, 2023.

Arnold R. Huskey filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondents.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Judgment on claim for declaratory relief vacated and remanded for entry of judgment declaring the rights of the parties; otherwise affirmed.

**PAGÁN, J.**

Plaintiff, an adult in custody (AIC) appearing *pro se*, brought an action against the Oregon Department of Corrections and certain individuals. He seeks review of the trial court's order and judgment dismissing his second amended complaint. Based on Article I, section 41(3), of the Oregon Constitution, we hold that plaintiff has no legally enforceable right to economic damages in the form of lost income while incarcerated. For that reason, we reject plaintiff's first assignment of error. We reject plaintiff's second assignment of error as explained below, and we reject his fourth assignment without discussion. However, regarding plaintiff's third assignment of error, which concerns his claim for declaratory relief, we vacate the judgment of dismissal and remand for the trial court to issue a judgment that declares the rights of the parties in accordance with our opinion.

A trial court may dismiss a complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21 A(1)(h). We review the grant of a motion to dismiss under ORCP 21 for errors of law. *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007). "[W]e assume the truth of all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in favor of plaintiffs." *Tomlinson v. Metropolitan Pediatrics, LLC*, 362 Or 431, 434, 412 P3d 133 (2018).

We state the facts based on the allegations in plaintiff's second amended complaint. Around December 2010, plaintiff settled a civil rights action against the Oregon Department of Corrections and various individuals associated with it (hereinafter, defendants). As part of the settlement, plaintiff agreed to dismiss that lawsuit, and defendants agreed to change plaintiff's placement and not to retaliate against him. Plaintiff subsequently discovered that defendants were using his "identity, photographs, and video footage of him" in training materials, which depicted plaintiff "in a negative, highly prejudicial, and deleterious manner." Plaintiff claims that defendants did so to retaliate against him.

As a result of his negative portrayal in the training materials, plaintiff claimed to have suffered damages in the amount of $11,640 because he was denied job assignments, training opportunities, and opportunities to earn "monetary awards and/or wages." Plaintiff also alleged that he suffered "specific discriminatory treatment in visiting, [and] denial of housing," as well as emotional and mental harm. Plaintiff asserted claims for relief against defendants, including claims for breach of contract and declaratory relief, and he sought injunctive relief and punitive damages.

Defendants filed a motion to dismiss. After a hearing, the trial court granted the motion and dismissed plaintiff's second amended complaint. Relying on Article I, section 41(3), the trial court determined that plaintiff could not recover economic damages. Plaintiff filed a motion for reconsideration. Shortly thereafter, the trial court entered a general judgment of dismissal. Plaintiff appeals.

Plaintiff's first assignment of error focuses on the alleged harm he suffered as a result of his negative portrayal in training materials. "To state a claim for breach of contract, plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. State Board of Clinical Social Workers*, 144 Or App 565, 570, 927 P2d 1098 (1996) (internal quotation marks omitted). "Damage is an essential element of any breach of contract action." *Sharma v. Providence Health & Services-Oregon*, 289 Or App 644, 657, 412 P3d 202, *rev den*, 363 Or 283 (2018) (internal quotation marks omitted).

Economic damages are "objectively verifiable monetary losses," including "reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services * * *, burial and memorial expenses, loss of income and past and future impairment of earning capacity * * *." ORS 31.705(2)(a). Noneconomic damages are "subjective, nonmonetary losses," including "pain, mental suffering, emotional distress, humiliation, injury to reputation, loss of care, comfort, companionship and society, loss of consortium, inconvenience and interference with normal and usual

activities apart from gainful employment." ORS 31.705(2)(b).

Considering the well-pleaded facts in plaintiff's second amended complaint, he failed to state facts sufficient to constitute a claim for breach of contract because AICs are legally barred from recovering economic damages in the form of lost income. Generally, if one party breaches a valid contract, then the other party may have a right to damages to compensate for the harm caused by the breach. But Article I, section 41(3), states, in relevant part, that "no inmate has a legally enforceable right to a job or to otherwise participate in work, on-the-job training or educational programs or to compensation for work or labor performed while an inmate of any state, county or city corrections facility or institution."[1] If an AIC has no legally enforceable right to work assignments or training opportunities, then it follows that an AIC may not sue for breach of contract for lost income associated with the loss of such opportunities. Put simply, the constitution bars plaintiff from pursuing a claim of that nature. *See Alexander v. State*, 283 Or App 582, 587, 390 P3d 1109 (2017) (taking note of the argument, but not deciding whether the constitution precludes AICs from recovering economic damages for lost income).

Relatedly, plaintiff alleged that defendants' breach of contract had a negative impact on visits and housing and caused him to suffer emotional and mental harm. We construe those allegations as claims for noneconomic damages. ORS 31.705(2)(b). However, noneconomic damages "may not be awarded to an [AIC] in an action against a public body unless the [AIC] has established that the [AIC] suffered economic damages, as defined in ORS 31.705." ORS 30.650. Here, as already explained, the constitution precludes plaintiff from establishing that he suffered economic damages in the form of lost income. Therefore, based on plaintiff's allegations, we conclude that he cannot seek noneconomic

---

[1] Neither party discusses the legislative history of Article I, section 41. It was added to the constitution by voter approval of an initiative petition in November 1994. In 1997, the 69th Oregon Legislative Assembly proposed adding language to section 41(3) clarifying that AICs do not have a right to work or compensation. *See* House Joint Resolution (HJR) 2 (1997). That amendment to the constitution was approved in May 1997.

damages for adverse treatment associated with visits and housing and emotional or mental harm.

We do not mean to imply that AICs may never recover economic or noneconomic damages. Although plaintiff alleged economic damages in the form of lost income, the statutory definition of economic damages is broader. It encompasses, for example, "reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services." ORS 31.705(2)(a). There is no language in Article I, section 41(3), that precludes legal enforcement of an AIC's right to those kinds of damages. Indeed, ORS 30.650, which provides than an AIC may not be awarded noneconomic damages without first establishing economic damages, "recognizes implicitly the capacity of an [AIC] to sue for both economic and noneconomic damages." *Voth v. State*, 190 Or App 154, 160, 78 P3d 565 (2003), *rev den*, 336 Or 377 (2004). But here, plaintiff seeks the kind of economic damages that the constitution does preclude him from recovering. Therefore, the trial court did not err in determining that plaintiff failed to state facts sufficient to constitute a claim for breach of contract.

In his second assignment of error, plaintiff contends that the trial court erred in dismissing his second amended complaint because he sought punitive damages. Defendants argue that plaintiff failed to preserve the issue, but they acknowledge that plaintiff raised it in his motion for reconsideration. Plaintiff could not have raised the issue earlier. After the trial court entered the order dismissing plaintiff's second amended complaint, plaintiff filed a motion for reconsideration arguing that the order failed to address his request for punitive damages. The trial court did not rule on the motion before entering a judgment of dismissal. Nevertheless, plaintiff's motion for reconsideration was his first opportunity to draw attention to perceived problems in the order. In *State v. Edwards*, 231 Or App 531, 535, 219 P3d 602 (2009), we determined that the state preserved its argument for appeal because it had informed the trial court of the claimed error at the first opportunity, which was in a motion for reconsideration. Similarly, here, by raising the

issue of punitive damages in his motion for reconsideration, plaintiff preserved it for appeal.

On the merits, we reject plaintiff's second assignment of error. In seeking to recover punitive damages, plaintiff failed to comply with ORS 31.725, which sets forth procedures for asserting such a claim, including submitting documentation and affidavits supporting the claim. Plaintiff failed to comply with those procedures, and, therefore, there was no proper claim for punitive damages before the court. The trial court did not err in dismissing the complaint in which plaintiff attempted to seek punitive damages. *See Moser v. DKN Ind.*, 191 Or App 346, 349, 82 P3d 1052 (2004) (plaintiff who failed to comply with required procedures was not entitled to recover punitive damages).

In his third assignment of error, plaintiff claims that the trial court erred in dismissing his claim for declaratory relief.  Like plaintiff's second assignment of error, plaintiff raised that issue in his motion for reconsideration, and, for the same reasons, we conclude that he preserved that issue for appeal. In arguing otherwise, defendants suggest that plaintiff could have raised the issue in his opposition to the motion to dismiss. We are not persuaded by that argument because defendants' motion to dismiss did not address plaintiff's claim for declaratory relief.

On the merits, the state concedes that remand is required because a declaratory judgment action cannot be dismissed under ORCP 21 A(1)(h). We agree with that concession. *See East Side Plating, Inc. v. City of Portland*, 316 Or App 111, 112, 502 P3d 1192 (2021), *rev den*, 369 Or 675 (2022) ("[T]he law is clear that a declaratory judgment action cannot be dismissed for failure to state a claim * * *."). However, "[w]hen the dismissal of a declaratory judgment action was clearly based on a determination of the merits of the claim, * * * our practice has been to review that determination as a matter of law and then remand for the issuance of a judgment that declares the rights of the parties in accordance with our review of the merits." *Doe v. Medford School Dist. 549C*, 232 Or App 38, 46, 221 P3d 787 (2009). Therefore, we vacate the judgment of dismissal and remand for the issuance of a judgment that declares

the rights of the parties, including our determination that plaintiff has no legally enforceable right to economic damages for lost income.

Judgment on claim for declaratory relief vacated and remanded for entry of judgment declaring the rights of the parties; otherwise affirmed.